IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE THOMPSON,<br><br>      Plaintiff,<br><br>   vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant.<br>_____/ | No. CIV S-11-876-LKK CMK PS (TEMP)<br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Pending before the court are plaintiff's motion for remand (Doc. 24) and defendant's cross-motion for summary judgment (Doc. 29).  For the reasons discussed below, the court will recommend that plaintiff's motion for remand be denied and that the Commissioner's cross-motion for summary judgment be granted.

/////

/////

1

## I. PROCEDURAL HISTORY[1]

Plaintiff applied for social security benefits in July, 2008 alleging an onset of disability on July 1, 2008 due to physical and mental impairments. (Certified administrative record ("CAR") 31, 156-170.) Specifically, plaintiff claims disability based on impairments due to fibromyalgia, anxiety, obsessive/compulsive disorder, visual impairment, headaches, a heart condition, an abdominal condition, shortness of breath, back and neck pain and Chiari Malformation syndrome. Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested an administrative hearing, which was held on January 20, 2010, before Administrative Law Judge ("ALJ") William Thompson, Jr. Plaintiff was represented at the hearing by counsel. In a March 3, 2010 decision, the ALJ concluded that plaintiff is not disabled[2] based on the following findings:

---

[1] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here. The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

|   |   |
|---|---|
| 1. | The claimant meets the insured status requirements of the Social Security Act though June 30, 2021. |
| 2. | The claimant has not engaged in substantial gainful activity since July 1, 2008, the alleged onset date. |
| 3. | The claimant has the following severe impairments: fibromyalgia; anxiety. |
| 4. | The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. |
| 5. | After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work . . . except she can lift or carry up to 20 pounds occasionally, 10 pounds frequently. She can stand or walking [sic] in combination up to 6 hours, and sit up to 6 hours. She can occasionally bend, squat, crawl, kneel, twist, stoop or climb stairs, but should not climb ladders, ropes or scaffolding. She should not work around heights or hazardous machinery. She is limited to work involving simple instructions. |
| 6. | The claimant is capable of performing past relevant work as a cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. |
| 7. | The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2008 through the date of this decision. |

CAR 31-50 (citations to CFR omitted). After the Appeals Council declined review on February 2, 2010, this appeal followed.

/////

/////

---

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In conclusory fashion, plaintiff argues she has been unfairly denied benefits. Plaintiff cites to no specific errors allegedly committed by the ALJ but generally disagrees with the ALJ's decision. The court has reviewed the entirety of the record and concludes the ALJ committed no reversible error.

In a thoroughly detailed manner, the ALJ exhaustively analyzed in a nineteen page

4

opinion the extensive 699 page administrative record.  With respect to the medical opinions, the court notes the following.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to any

5

conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

   The ALJ thoroughly and accurately summarized the medical records in the written decision. (CAR 33-49.)  The ALJ properly relied on the opinions of Drs. Mattesich and Ferrari, consultative examiners who made their own independent clinical findings and who assessed no limitations consistent with disability.  CAR 44, 46, 465-69, 473-78.  The ALJ also appropriately accorded significant weight to the opinions of the state agency physicians, whose conclusions were well supported with detailed reasoning.  (CAR 44, 47, 483, 490-503.)  The court finds the ALJ properly rejected the unsupported opinion of Dr. Wall.  (CAR 48-49.)

   The ALJ found plaintiff was not fully credible.  The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit credibility finding must be supported by specific, cogent reasons.  See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony.  See id.  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing."  See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

   If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

The ALJ set forth appropriate factors considered in discrediting plaintiff, noting her activities of daily living, inconsistencies in plaintiff's statements, and inconsistency with the benign clinical findings. (CAR42-43, 47-48.) The court finds the ALJ's credibility determination was supported by the record as a whole. The ALJ did not rely solely on the lack of objective medical evidence to support his finding, nor can the court find that he misconstrued or ignored supportive evidence. Providing the ALJ's decision with the proper deference, the court

finds the ALJ provided clear and convincing reasons supported by substantial evidence.

Finally, the court finds that the ALJ's determination that plaintiff could perform her past relevant work is supported by substantial evidence in that a vocational expert testified that with the residual functional capacity assessed by the ALJ, plaintiff could perform her past relevant work as a cashier. (CAR 49-50, 85-86); see Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). The additional medical records submitted by plaintiff do not demonstrate any error on the part of the ALJ. See Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (evidence is material if it presents reasonable possibility that outcome of administrative hearing would have been different).

### IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for remand (Doc. 24) be denied;
2. Defendant's cross-motion for summary judgment (Doc. 29) be granted; and
3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  March 21, 2012

```
                                        _____
                                        CRAIG M. KELLISON
                                        UNITED STATES MAGISTRATE JUDGE
```

JMM
thompson.ss

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 21, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

JMM
thompson.ss